**Robert GARBER, Plaintiff—Appellant,**

**v.**

**CITY OF LOS ANGELES, A municipal corporation political subdivision of the County of Los Angeles, State of California; et al., Defendants—Appellees,**

**and**

**Francisco Pimentel, individually and in his official capacity as a part ranger for the Recreation and Parks Department; et al., Defendants.**

**No. 07–55260.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Robert Garber, Van Nuys, CA, for Plaintiff–Appellant.

Janet G. Bogigian, Esq., Los Angeles City Attorney's Office, City Hall East, Los Angeles, CA, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Robert Garber appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court properly dismissed Garber's second amended complaint because, even when liberally construed, it failed to state a claim for relief under section 1983. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir.1998) (per curiam) ("To prevail on his section 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him."); *see also Peng v. Hu,* 335 F.3d 970, 979 (9th Cir.2003) (stating that the presence of a factual dispute between the victim and the suspect does not defeat probable cause if the victim's complaint is corroborated by other witnesses); *Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir.2005) (stating that the absence of a section 1983 deprivation precludes a conspiracy claim based on the same allegations).

Contrary to Garber's contentions, the provisions of section 1915(e)(2)(B) are not limited to prisoners. *See Calhoun v. Stahl,* 254 F.3d 845 (9th Cir.2001) (per curiam). Furthermore, the district court did not abuse its discretion when it dismissed the second amended complaint with prejudice because further amendment would have been futile. *See Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir.1990).

We do not consider issues raised for the first time on appeal. *See Foti v. City of Menlo Park,* 146 F.3d 629, 638 (9th Cir. 1998).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Garber's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.